UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Adam Moore,<br>    Plaintiff,<br><br>v.<br><br>Kurt Indehar and Bruce Folkens, in their individual capacity,<br><br>    Defendants. | Civil Action No. 05-451 DSD/SRN<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

_____

Adam Moore, plaintiff above-named, brings this action for violations of 42 U.S.C. §§ 1983 and 1988, demands trial by jury of all claims properly triable thereby, and for his amended complaint alleges as follows:

**THE PARTIES**

1. Plaintiff Adam Moore is black and a resident of the City of Crystal, Minnesota.

2. At all times material to this Complaint, defendants Kurt Indehar and Bruce Folkens were duly appointed City of Minneapolis police officers. The defendants were on duty and acting as Minneapolis police officers when they denied Mr. Moore his civil rights. Defendants are being sued in their individual capacity.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because plaintiff asserts claims for violations of 42 U.S.C. §§ 1983 and 1988.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

**CONDUCT GIVING RISE TO VIOLATIONS OF LAW**

5. On the evening of March 23, 2003, Mr. Moore was standing with three friends in a parking lot near the intersection of Lowry and Lyndale Avenues in Minneapolis. At approximately 7:20 p.m., one or more passengers in a car traveling westbound on Lowry Avenue shot firearms at Mr. Moore and his friends. The attack was unprovoked.

6. Terrified, but uninjured, Mr. Moore began running toward the back of the parking lot. As he ran, a police squad car arrived in the parking lot, and Mr. Indehar opened fire on Mr. Moore. Mr. Indehar hit Mr. Moore with one bullet, which lodged in Mr. Moore's upper left arm. Mr. Moore was unarmed, and neither Mr. Indehar nor his partner at the time, Peter Hafstad, gave any commands prior to opening fire.

7. Mr. Moore fled to North Memorial Hospital, where he was treated for his injuries. Mr. Moore continues to experience soreness at the injury site and has a significant scar from the bullet wound.

8. In his account of the shooting of Mr. Moore, Mr. Hafstad lied about Mr. Moore's actions by claiming that it appeared that Mr. Moore had a gun and that Mr. Moore shot at him. Based on these false statements, the City of Minneapolis arrested and detained Mr. Moore at the Hennepin County Adult Detention Center.

9. In order to keep Mr. Moore falsely imprisoned at the Detention Center and to initiate the unlawful prosecution of Mr. Moore, Bruce Folkens filed a criminal complaint against Mr. Moore that contained materially false statements concerning Mr. Moore's actions, including the false statements that Mr. Moore appeared to be armed and that he shot at Mr. Hafstad. On information and belief, prior to filing the criminal complaint, Mr. Folkens conducted an inadequate investigation of the shooting. On information and belief, Mr. Folkens failed to

interview witnesses available to him and to consider all facts at his disposal.  On information and belief, when Mr. Folkens filed the criminal complaint, he knew that Mr. Hafstad's account of the shooting was false.

10. Mr. Folkens' filing of the criminal complaint caused Mr. Moore to be detained for more than three weeks at the Detention Center.  The criminal charges against Mr. Moore were dismissed.

## MALICE

11. The conduct of defendants described hereinabove was at all times undertaken maliciously, wantonly, willfully, knowingly, and in intentional or reckless disregard of Mr. Moore's legal rights.

## INJURY AND DAMAGE TO PLAINTIFF

12. By reason of defendants' unlawful conduct described hereinabove, Mr. Moore has sustained loss and damage, including, but not limited to, the following:

    a. He has suffered emotional distress and humiliation;

    b. He has suffered physical pain and scarring;

    c. He has suffered mental anguish;

    d. He has incurred medical expenses;

    e. He has lost wages; and

    f. He will be required to expend costs in the maintenance of this action.

The precise amount of plaintiff's damages is at present undetermined, but his damages are believed to be in excess of $50,000.  The precise amount will be proved to and found by the trier of fact in this action.

## VIOLATIONS OF LAW ALLEGED

## VIOLATIONS OF 42 U.S.C. §§ 1983 AND 1988

13. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

14. Acting under color of law, defendants violated Mr. Moore's rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from (a) the use of excessive force, (b) discrimination based on race, and (c) false imprisonment, when Mr. Indehar shot Mr. Moore on account of his race and without justification, and when Mr. Folkens made and repeated false statements concerning Mr. Moore in a criminal complaint that caused Mr. Moore to remain falsely imprisoned and failed to conduct an adequate investigation of the shooting of Mr. Moore prior to the initiation of charges, all in violation of 42 U.S.C. §§ 1983 and 1988.

15. As a direct and proximate result of the aforementioned acts and omissions of defendants, Mr. Moore is entitled to recover such actual damages as he shows himself to have sustained and the trier of fact shall find, and such other and further relief as may be available under law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief against defendants as follows:

    A. Awarding plaintiff actual damages as he shall proved to have sustained and the trier of fact shall find;

    B. Awarding plaintiff punitive damages;

    C. Awarding plaintiff interest on any damages for which judgment shall be entered;

D.      Awarding plaintiff his costs and disbursements incurred, including a reasonable attorney's fee;

E.      Granting plaintiff equitable relief permanently enjoining defendants from engaging in such unlawful conduct in the future; and

F.      Granting to plaintiff such other and further relief as is just, appropriate, and available under law.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues properly triable thereby.

Dated:  June 21, 2005         LAW OFFICE OF DAVID L. SHULMAN PLLC


s/ David L. Shulman  
David L. Shulman (#260721)  
Law Office of David L. Shulman PLLC  
1005 W. Franklin Ave., Suite 3  
Minneapolis, MN 55405  
Tel: 612-870-7410  
Fax: 612-870-7462